## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| | § | |
| STEPHEN MILLER and | § | |
| DOROTHY MILLER, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:21-cv-8764 |
| | § | |
| EQUIFAX INFORMATION | § | Complaint for Damages |
| SERVICES LLC, EXPERIAN | § | |
| INFORMATION SOLUTIONS, Inc., | § | With Jury Demand Endorsed |
| TRANS UNION LLC, and | § | |
| OCEANFIRST FINANCIAL CORPORATION, | § | |
| d/b/a OCEANFIRST BANK, N.A., | | |
| | § | |
| Defendants. | § | |

## **COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiffs, Stephen Miller and Dorothy Miller ("Plaintiffs"), by and through counsel, for their Complaint against Defendants, Equifax Information Services LLC**,** Experian Information Solutions, Inc., Trans Union LLC, and OceanFirst Bank, N.A., jointly, severally, and in solido, states as follows:

### I.  INTRODUCTION

1.     Three of the Defendants are, consumer reporting agencies ("CRAs") as defined by 15 U.S.C. § 1681a(f), and one OceanFirst Bank, N.A., is a furnisher of consumer information. All Defendants have violated 15 U.S.C. § 1681 *et seq.*, known as the Fair Credit Reporting Act (the

"FCRA"). Plaintiffs seek to recover from Defendants actual, statutory, and punitive damages, injunctive relief, legal fees, and expenses.

## II. PARTIES

2.    Plaintiffs, Stephen Miller and Dorothy Miller, are natural persons residing in Ocean County, New Jersey and are "consumers," as defined by the FCRA, 15 U.S.C. § 1681a(c), and are victims of repeated false credit reporting.

**Made Defendants herein are**:

3.    Upon information and belief, Defendant Equifax Information Services LLC, which may also hereinafter be referred to as "Equifax," "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants" is a Georgia limited liability company that does substantial business in this judicial district and may be served by delivering a summons to its headquarters, 1550 Peachtree Street, Northwest, Atlanta, Georgia 30309.  Equifax is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f). Equifax regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Equifax disburses such consumer reports to third parties of contract for monetary compensation.

4.    Upon information and belief, Defendant Experian Information Solutions, Inc., which may also hereinafter be referred to as "Experian", "Defendant," "Defendants," "CRA," or "CRA Defendant," or "CRA Defendants," is an Ohio corporation that does business in this judicial district and may be served by delivering a summons to its headquarters, 475 Anton Blvd., Costa Mesa, California 92626. Experian is a nationwide CRA as defined by 15 U.S.C. § 1681a(f). Experian

regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Experian disburses such consumer reports to third parties of contract for monetary compensation.

5.    Upon information and belief, Defendant Trans Union LLC, which may also hereinafter be referred to as "Trans Union", "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants" is an Illinois limited liability company that does business in this judicial district and may be served by delivering a summons to its headquarters, 555 West Adams Street, Chicago, Illinois 60681. Trans Union is a nationwide CRA as defined by 15 U.S.C. § 1681a(f). Trans Union regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Trans Union disburses such consumer reports to third parties of contract for monetary compensation.

6.    Upon information and belief, Defendant OceanFirst Financial Corporation, which may also hereinafter be referred to as "OceanFirst," "OceanFirst Financial," "OceanFirst Bank," "Defendant," "Defendants," "Furnisher Defendant," or "Furnisher Defendants," is a Delaware Corporation and a holding company for OceanFirst Bank, N.A. According to annual SEC filings, OceanFirst Financial Corporation does all its material business through OceanFirst Bank. OceanFirst Bank may be served by delivering a summons to its executive offices at, 110 West Front Street, Red Bank, New Jersey, 07701 and to the bank's listed headquarters, 975 Hooper Avenue, Toms River, New Jersey 08753. OceanFirst Bank is a "person," as defined by the FCRA, 15 U.S.C.

§ 1681a(b), and a furnisher of consumer credit information to consumer reporting agencies.

7.      As used herein, "consumer reporting agency," or "CRA," means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports and is an entity in the business of collecting, maintaining and disseminating information regarding the credit-worthiness of individuals. CRAs specifically include, but are not limited to, Equifax, Experian, and TransUnion.

### III.  JURISDICTION AND VENUE

8.      Plaintiffs respectfully assert that this Honorable Court has jurisdiction in this case arises under federal law. 28 U.S.C. § 1331, 1334, and 1367 and 15 U.S.C. § 1681(p).

9.   Venue is proper in  this district, because Defendants transact business in this district, OceanFirst Bank services the loan from this district and has executive and administrative headquarters in this district, a substantial part of the conduct complained of occurred in this district, and various actions made basis of Plaintiffs' claims against Defendants occurred in the District of New Jersey. 28 U.S.C. § 1391.

10. Venue is further proper in this District, because the mortgages in question concern real property in this district, CRA Defendants entered into agreements with OceanFirst Bank in this judicial district to receive credit reporting data concerning Plaintiffs. Any and all requests to

investigate Plaintiffs' dispute sent from the CRA Defendants as part of their reinvestigation was submitted to OceanFirst's headquarters and investigated by the furnisher OceanFirst using resources located at or closely connected to this judicial district. OceanFirst managed Plaintiffs' mortgage from this judicial district including communicating amounts owed and conducting numerous communications via phone and letter.

## IV.  FACTUAL ALLEGATIONS

### History of Mortgages and Bankruptcy

11.     In or around 1989, Plaintiffs secured a first mortgage for their home at 126 Lake Champlin Drive, Little Egg Harbor Township, Ocean County, New Jersey 08087. Sometime thereafter, OceanFirst obtained the mortgage and its servicing rights. The loan was assigned loan number 11108****. Hereafter, this loan will be referred to as "OceanFirst Primary."

12.     Sometime after 1989, Plaintiffs secured a second mortgage for their home at 126 Lake Champlin Drive, Little Egg Harbor Township, Ocean County, New Jersey 08087. OceanFirst obtained the mortgage and its servicing rights. The loan was assigned loan number ****81489. Hereafter, this loan will be referred to as "OceanFirst Second."

13.     On June 11, 2014, Plaintiffs filed a Chapter 7 Bankruptcy petition in the District court of New Jersey under case number 14-22063-KCF. A copy of Plaintiffs' bankruptcy petition is attached hereto as Exhibit "A" and is incorporated by reference herein.

14.     The Chapter 7 Bankruptcy was discharged September 12, 2014.

15.     A copy of Plaintiffs' bankruptcy discharge is attached hereto as Exhibit "B" and is incorporated by reference herein.

<u>Stephen Miller's Reporting and Disputes</u>

16.     On September 11, 2020, Stephen Miller obtained a tri-merge credit report and discovered that the reporting on his OceanFirst Primary account was reporting incorrectly with Equifax.

17.     Equifax was inaccurately reporting the OceanFirst Primary account as "Derogatory" when the account was discharged from Chapter 7 bankruptcy and current. The account is not derogatory and should not have reported as such.

18.     Mr. Miller noticed that on the same tri-merge credit report that his OceanFirst Second account was reporting incorrectly with Experian.

19.     Experian was inaccurately reporting the OceanFirst Second account as "Open, Balance Owed $2,975, last payment 8/2020, payment history, late Aug 2018." The account should not be reporting a balance and the last payment reporting should be from prior to the 2014 bankruptcy.

20.     A copy of Stephen Miller's September 11, 2020 tri-merge credit report is attached hereto as Exhibit "C" and is incorporated by reference herein.

21.     Stephen Miller disputed the reporting of these accounts on or around November 4, 2020. A copy of the unsigned dispute letters from Stephen Miller to Equifax and Experian are attached hereto as Exhibits "D" and "E," respectively, and are incorporated by reference herein.

22.     On December 10, 2020, Equifax responded to Mr. Miller's dispute, writing in reference to the OceanFirst Primary account: "The disputed item is not on your credit report." A copy of Equifax's response to Mr. Miller is attached hereto as Exhibit "F" and is incorporated by reference herein.

23.     Stephen Miller obtained a new tri-merge credit report on January 22, 2021. The tri-merge report continued to show that Equifax reported the OceanFirst Primary account as "Derogatory." A copy of the January 22, 2021 tri-merge report is attached hereto as Exhibit "G" and is incorporated by reference herein.

24.     On December 10, 2020, Experian responded to Mr. Miller's dispute, writing that the OceanFirst Second account was late in November 2020. A copy of Experian's response to Mr. Miller is attached hereto as Exhibit "H" and is incorporated by reference herein.

25.     When Stephen Miller obtained the new tri-merge credit report on January 22, 2021, he noticed that the OceanFirst Second account reported with Experian as late in November 2020 with a last payment date of November 25, 2020. *See* Exhibit G.

Dorothy Miller's Reporting and Disputes

26.     On September 11, 2020, Dorothy Miller pulled a tri-merge credit report and discovered that the reporting on her OceanFirst Primary account was reporting incorrectly with Equifax.

27.     Equifax was inaccurately reporting the OceanFirst Primary account as "Derogatory" when the account was discharged from Chapter 7 bankruptcy and current. The account is not derogatory and should not be reporting as such.

28.     Mrs. Miller noticed that on the same tri-merge credit report that her OceanFirst Second account was reporting incorrectly with Experian.

29.     Experian was inaccurately reporting the OceanFirst Second account as "Open, Balance Owed $2,975, last payment 8/2020, payment history, late Aug 2018." The account should not be reporting a balance and the last payment reporting should be from prior to the 2014

bankruptcy.

30.    Mrs. Miller noticed that on the same tri-merge credit report her OceanFirst Primary and OceanFirst Second account were reporting incorrectly with TransUnion.

31.    TransUnion inaccurately reported the OceanFirst Primary account as "Paid" with a last payment of 07/29/2014. The account should be reporting with a last payment date prior to the bankruptcy.

32.    TransUnion inaccurately reported the OceanFirst Second account as "Paid" with a last payment of 07/20/2015. The account should have been reporting with a last payment date prior to the bankruptcy.

33.    A copy of Dorothy Miller's September 11, 2020 tri-merge credit report is attached hereto as Exhibit "I" and is incorporated by reference herein.

34.    Dorothy Miller disputed the reporting of these accounts on or around November 11, 2020. A copy of the unsigned dispute letters from Dorothy Miller to Equifax, Experian, and TransUnion are attached hereto as Exhibits "J," "K," and "L," respectively, and are incorporated by reference herein.

35.    On December 10, 2020, Equifax responded to Mrs. Miller's dispute, writing in reference to the OceanFirst Primary account: "The disputed item is not currently reporting on the Equifax credit file." A copy of Equifax's response to Ms. Miller is attached hereto as Exhibit "M" and is incorporated by reference herein.

36.    Dorothy Miller obtained a new tri-merge credit report on January 22, 2021. The tri-merge continued to show the Equifax reported the OceanFirst Primary account as "Derogatory." A copy of Mrs. Miller's January 22, 2021 tri-merge report is attached hereto as Exhibit "N" and is

incorporated by reference herein.

37.    On December 10, 2020, Experian responded to Mrs. Miller's dispute, writing that the OceanFirst Second account was late in November 2020. A copy of Experian's response to Mr. Miller is attached hereto as Exhibit "O" and is incorporated by reference herein.

38.    When Dorothy Miller obtained the new tri-merge credit report on January 22, 2021, she noticed that the OceanFirst Second account reported with Experian as late in November 2020 with a last payment date of November 25, 2020. *See* Exhibit "N."

39.    TransUnion received Dorothy Miller's dispute on November 17, 2020. A copy of the certified mail receipt for this dispute is attached hereto as Exhibit "P" and is incorporated by reference herein.

40.    TransUnion never responded to Mrs. Miller's dispute.

41.    Within her January 22, 2021 tri-merge credit report, Mrs. Miller noticed that TransUnion reported no change to the OceanFirst Primary account. She noticed that Transunion no longer reported the OceanFirst Second account. *See* Exhibit "N."

<u>CRA Conduct</u>

42.    Equifax's response was not the result of a reasonable investigation into Plaintiffs' dispute and failed to remedy the inaccuracies within the OceanFirst Primary tradeline because Plaintiffs showed that the accounts were discharged in bankruptcy, but Equifax continued to report the OceanFirst Primary account was derogatory.

43.    Further, Equifax's response was not the result of a reasonable investigation into Plaintiffs' dispute for it did not adequately evaluate or consider Plaintiffs' information, claims, or evidence and failed to remedy the inaccuracies within the OceanFirst Primary tradeline because

Plaintiffs sent clear disputes and yet Equifax made no changes.

44.     Equifax chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continued to publish the inaccurate information regarding Plaintiffs' OceanFirst Primary mortgage account.

45.     In accordance with Equifax's standard procedures, Equifax did not evaluate or consider any of Plaintiffs' information, claims or evidence and did not make any attempt to substantially or reasonably verify the OceanFirst reporting line.

46.     In the alternative to the allegation that Equifax failed to contact OceanFirst, it is alleged that Equifax did forward some notice of the dispute to OceanFirst, and OceanFirst failed to conduct a lawful investigation.

47.     Experian's responses were not the result of a reasonable investigation into Plaintiffs' disputes and failed to remedy the inaccuracies within the OceanFirst Second tradeline because Plaintiffs showed that the account was discharged in bankruptcy in 2014 but Experian continued to report a November 25, 2020 last payment, a payment history through November 2020, and many late payments well after the bankruptcy discharge date.

48.     Further, Experian's response was not the result of a reasonable investigation into Plaintiffs' dispute for it did not adequately evaluate or consider Plaintiffs' information, claims, or evidence and failed to remedy the inaccuracies within the OceanFirst tradelines because Plaintiffs sent clear disputes and yet Experian failed to make changes to disputed information.

49.     Experian chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continued to publish the inaccurate information regarding Plaintiffs' OceanFirst Second mortgage accounts.

50.     In accordance with Experian's standard procedures, Experian did not evaluate or consider any of Plaintiffs' information, claims or evidence and did not make any attempt to substantially or reasonably verify the OceanFirst reporting lines.

51.     In the alternative to the allegation that Experian failed to contact OceanFirst, it is alleged that Experian did forward some notice of the dispute to OceanFirst, and OceanFirst failed to conduct a lawful investigation.

52.     Trans Union's response to Dorothy Miller was not the result of a reasonable investigation into Mrs. Miller's dispute and failed to remedy the inaccuracies within the OceanFirst tradeline because Mrs. Miller showed that the accounts were included in bankruptcy, but Trans Union failed to respond to her dispute and continued to report last payment dates after the bankruptcy was discharged.

53.     Further, Trans Union's response, or absence of a response, was not the result of a reasonable investigation into Mrs. Miller's dispute for it did not adequately evaluate or consider her information, claims, or evidence and failed to remedy the inaccuracies within the OceanFirst tradelines because Dorothy Miller sent a clear dispute and yet Trans Union made no changes.

54.     Trans Union chose to "verify" false information from an unreliable source, failed to correct the inaccurate information and continued to publish the inaccurate information regarding Plaintiffs' OceanFirst mortgage account.

55.     In accordance with Trans Union's standard procedures, Trans Union did not evaluate or consider any of Plaintiffs' information, claims or evidence and did not make any attempt to substantially or reasonably verify the OceanFirst reporting lines.

56.     In the alternative to the allegation that Trans Union failed to contact OceanFirst, it is

alleged that Trans Union did forward some notice of the dispute to OceanFirst, and OceanFirst failed to conduct a lawful investigation.

## V.    GROUNDS FOR RELIEF

### COUNT I – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. § 1681e(b))

57.    The Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

58.    Equifax violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiffs.

59.    The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

60.    Equifax knew or should have known of Plaintiffs' bankruptcy history and accurate payment history and, yet Equifax continued to prepare a patently false consumer report concerning Plaintiffs.

61.    Despite actual and implied knowledge that Plaintiffs' credit report was and is not accurate, Equifax readily provided false reports to one or more third parties, thereby misrepresenting Plaintiffs, and ultimately Plaintiffs' creditworthiness.

62.    After Equifax knew or should have known Plaintiffs' bankruptcy status, and payment coding was inaccurate for their OceanFirst mortgage tradelines, it failed to make the corrections.

63.    As a result of Equifax's conduct, action, and inaction, the Plaintiffs suffered

damages, including, but not limited to, denial in their attempt to refinance, loss in their ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

64.    Equifax's conduct, action, and inaction, were willful, rendering it liable to Plaintiffs for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiffs to recover under 15 U.S.C. § 1681o.

65.    The Plaintiffs are entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT II – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

66.    The Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

67.    Equifax violated § 1681i by failing to update inaccurate information in the Plaintiffs' credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

68.    As a result of Equifax's conduct, action, and inaction, the Plaintiffs suffered damages, including, but not limited to, denial in their attempt to refinance, loss in their ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

69.    Equifax's conduct, action, and inaction, were willful, rendering it liable for actual or

statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

70.     The Plaintiffs are entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT III – EXPERIAN'S VIOLATION OF THE FCRA
## (15 U.S.C. § 1681e(b))

71.     The Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

72.     Experian violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiffs.

73.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

74.     Experian knew or should have known of Plaintiffs' bankruptcy history and accurate payment history and, yet Experian continued to prepare a patently false consumer report concerning Plaintiffs.

75.     Despite actual and implied knowledge that Plaintiffs' credit reports were and are not accurate, Experian readily provided false reports to one or more third parties, thereby misrepresenting Plaintiffs, and ultimately Plaintiffs' creditworthiness.

76.     After Experian knew or should have known Plaintiffs' bankruptcy status, balance,

and payment history were inaccurate for their OceanFirst mortgage tradelines, it failed to make the corrections.

77.    As a result of Experian's conduct, action, and inaction, the Plaintiffs suffered damages, including, but not limited to, denial in their attempt to refinance, loss in their ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

78.    Experian's conduct, action, and inaction, were willful, rendering it liable to Plaintiffs for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiffs to recover under 15 U.S.C. § 1681o.

79.    The Plaintiffs are entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT IV – EXPERIAN'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

80.    The Plaintiffs reallege and incorporates all paragraphs above as if fully set out herein.

81.    Experian violated 168li on multiple occasions by failing to update or delete inaccurate information in the Plaintiffs' credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

82.    As a result of Experian's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in their attempt to refinance, loss in their ability to

finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

83.    Experian's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

84.    The Plaintiffs are entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT V – TRANS UNION'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681e(b))

85.    Plaintiff Dorothy Miller realleges and incorporates all paragraphs above as if fully set out herein.

86.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff Dorothy Miller.

87.    The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

88.    Trans Union knew or should have known of Plaintiff's bankruptcy and payment history and, yet Trans Union continued to prepare a patently false consumer report concerning Plaintiff.

89.    Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Trans Union readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

90.    After Trans Union knew or should have known Plaintiff's bankruptcy status and payment history was inaccurate for their OceanFirst mortgage tradeline, it failed to make the corrections.

91.    As a result of Trans Union's conduct, action, and inaction, Plaintiff suffered damages, including, but not limited to, denial in an attempt to refinance, loss in the ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

92.    Trans Union's conduct, action, and inaction, were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

93.    Plaintiff Dorothy Miller is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## COUNT VI – TRANS UNION'S VIOLATION OF THE FCRA
## (15 U.S.C. §1681i)

94.    Plaintiff Dorothy Miller realleges and incorporates all paragraphs above as if fully set out herein.

95.    Trans Union violated 15 U.S.C. § 1681i on multiple occasions by failing to update or delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such

inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

96.     As a result of Trans Union's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in the ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

97.     Trans Union's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

98.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT VII – OCEANFIRST'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681s-2(b))

99.     Defendant OceanFirst violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiffs' dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report the results of their investigations, and/or failing to appropriately modify the information.

100.     OceanFirst further violated 15 U.S.C. § 1681s-2(b) by continuing to report the inaccurate OceanFirst information within Plaintiffs' credit file with the CRA Defendants without

also including a notation that this debt was disputed, failing to fully and properly investigate the Plaintiffs' dispute of the OceanFirst representations, failing to accurately respond to the CRA Defendants, failing to correctly report results of an accurate investigation to every other consumer reporting agency, and failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the OceanFirst representations to the consumer reporting agencies.

101.    As a result of OceanFirst's conduct, action, and inaction, the Plaintiffs suffered damages, including, but not limited to, denial in their attempt to refinance, loss in their ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

102.    OceanFirst's conduct, action, and inaction, were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

## VI.    VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

103.    Plaintiffs will be able to show, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendants, the principals, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability to Defendants for all such actions under the doctrine of respondeat superior and/or vicarious liability.

## VII. DAMAGES

104.    Plaintiffs respectfully request that this Honorable Court instruct the jury, as the trier

of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the FCRA and/or states' laws, including New Jersey.

105.    Plaintiffs respectfully request that this Honorable Court award Plaintiffs their litigation expenses and other costs of litigation and reasonable attorney's fees incurred in this litigation, in accordance with the provisions of the FCRA and/or other laws.

106.    The above and foregoing actions, inactions, and fault of Defendants, as to each and every claim, have proximately caused a wide variety of damages to Plaintiffs.

107.    Defendants performed perfunctory and essentially useless reinvestigations resulting in the verification of false reporting about the Plaintiffs and have been a substantial factor in causing credit denials and other damages.

108.    Plaintiffs suffered a variety of damages, including economic and non-economic damages as prayed for herein.

109.    Defendants have negligently and/or willfully violated various provisions of the FCRA

110.    Defendants are liable unto Plaintiffs for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, denial in her attempt to refinance her mortgage, credit denials, costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney's fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with

legal interest thereon from date of judicial demand until paid.

## VIII. PRAYER FOR RELIEF

**WHEREFORE PREMESIS CONSIDERED**, Plaintiffs, Stephen Miller and Dorothy Miller pray that this Honorable Court:

A.    Enter Judgment in favor of Plaintiffs and against Defendants Equifax Information Services LLC, Experian Information Solutions, Inc., Trans Union LLC, and OceanFirst Financial Corporation d/b/a OceanFirst Bank, N.A., jointly, severally, and in solido, for all reasonable damages sustained by Plaintiffs, including, but not limited to, actual damages, compensatory damages, out-of-pocket expenses, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, and fear of personal and financial safety and security for Defendants' violations of the FCRA, applicable state law, and common law;

B.    Find that the appropriate circumstances exist for an award of punitive damages to Plaintiffs;

C.    Award Plaintiffs pre-judgment and post-judgment interest, as allowed by law;

D.    Order that the CRA Defendants, Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union LLC, and Furnisher Defendant, OceanFirst, work in conjunction, cooperatively, and/or individually to reinvestigate and correct the consumer report(s), credit report(s), data emanations, consumer histories, and credit histories of and concerning Plaintiffs

and/or any of Plaintiffs' personal identifiers.

      E.    Grant such other and further relief, in law or equity, to which Plaintiffs might show they are justly entitled.

      F.

Date Filed: <u>04/09/2021</u>

                                      Respectfully submitted,

                                      <u>*s/ Gloria C. Lam*</u>
                                      Gloria C. Lam
                                      NJ State Bar Number 286962018
                                      FCRA-NJ@fieldslaw.com
                                      **FIELDS LAW FIRM**
                                      21 South 11th Street, Suite 520
                                      Philadelphia, Pennsylvania 19107
                                      (612) 383-1868 (telephone)
                                      (612) 370-4256 (fax)

                                      COUNSEL FOR PLAINTIFFS

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

<u>04/09/2021</u>                                <u>*s/ Gloria C. Lam*</u>
Date                                        Gloria C. Lam